UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDITH MAE MAY,

                Plaintiff,

v.                                                  Case No. 21-cv-0905-bhl

JENNIFER MCDERMOTT, et al.,

                Defendants.

---

## ORDER

---

      Plaintiff Edith Mae May, who is incarcerated at the Wisconsin Resource Center, is representing herself in this 42 U.S.C. §1983 case. On October 18, 2021, the Court dismissed this case without prejudice based on May's failure to pay the filing fee. May is a frequent litigator, having filed more than thirty cases in the last nine years. On October 18, 2021, the Court ordered:

> . . . the agency having custody of May [to] collect from her institution trust account the $350 statutory filing fee by collecting monthly payments from her prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

Dkt. No. 9 at 2. On March 7, 2022, May filed a motion asking the Court to order her institution to stop deducting money from her account to make payments toward the many federal filing fees that she owes. May explains that she has average monthly deposits of $8.42 and her average monthly balance is $0.00. She wants the Court to read the statute as prohibiting her institution from deducting for federal filing fees unless and until she has more than $10.00 in her account per month. Dkt. No. 11. Because May misunderstands the applicable statute, the Court will deny her motion.

      The statute provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having

> custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28. U.S.C. § 1915(b)(2). May argues that the statute allows her to avoid any deduction for her filing fee obligations so long as she keeps a balance of less than $10 in her account in a given month. This out-of-context reading misinterprets the statute.

Congress enacted §1915(b)(2) as part of the Prison Litigation Reform Act (PLRA) "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). Accordingly, the statute requires incarcerated plaintiffs to make monthly payments towards the filing fee equal to 20% of the inmate's previous month's income. The second sentence is not a means of evading the requirement to make payments toward the filing fee established in the first sentence, as May suggests. Rather, the second sentence allows prison officials to wait to send the payments to the Court until the agency has sufficient funds to make a payment of $10.00 or more. *See Riley v. Franke*, Case No. 17-cv-891 2017 WL 4712222 at *2 (E.D. Wis. Oct. 18. 2017); *Riker v. Carlson*, Case No. 10-cv-906, Dkt. No. 45 at 1-2 (E.D. Wis. May 25, 2012); *Smith v. Huibregtse,* 151 F. Supp. 2d 1040, 1042-43 (E.D. Wis. 2001). As Judge James Peterson in the Western District succinctly explained, "[t]he purpose of the second sentence of Section 1915(b)(2) is not to make sure that inmates have some balance in their accounts to spend freely; it is to avoid the inefficiency of issuing a check for a few cents every time an inmate receives a small deposit." *Flournoy v. McKenzie*, No. 14-cv-554-jdp, 2015 WL 4094357, at *2 (W.D. Wis. July 7, 2015). To find otherwise "would allow prisoners to avoid paying their filing fees simply by ensuring that they never have more than $10.00 in their accounts." *Riley*, 2017 WL 4712222 at *2.

Neither the PLRA nor the payment scheme enacted for collecting filing fees was put in place to allow prisoners, most of whom have limited income, to avoid making monthly payments if they spent funds each month to maintain balances below $10.00. Excusing those prisoners from making payments would allow for purchases from the prison commissary or outside the institution, thereby removing the incentive for prisoners to avoid wasting their money on frivolous lawsuits. As the Seventh Circuit observed, "The PLRA is designed to require the prisoner to bear some marginal cost for each legal activity. Unless payment begins soon after the event that creates the liability, this will not happen." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997).

2

May offers no explanation for her suggestion that because she makes less than $10.00 per month, she should be allowed to spend that money on items of her choosing rather than be required to make payments toward the numerous filing fees she owes. The Seventh Circuit has confirmed that prisoners are required to make payments toward filing fees even when that means "that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . . ." *Newlin*, 123 F.3d at 436. It would be nonsensical to allow someone who owes five filing fees and has a monthly balance of $9.95 to avoid making payments toward their filing fees but then require someone else who owes five filing fees and has a monthly balance of $10.05 to pay their entire monthly income toward the filing fees.

Given the PLRA's objective of deterring frivolous suits, this inconsistency is unsupportable, especially in light of the reality that few prisoners carry a monthly balance of $10.00 or more. Excusing a significant number of prisoners from making monthly payments would thwart Congress's desire to contain prisoner litigation. While it is true that prisoners with limited income would still be required to pay an initial partial filing fee, the generally small size of that one-time payment would provide little, if any, disincentive on its own for filing multiple cases. And, while a prisoner would still owe the fees after her release, those fees are often uncollectible. *See Newlin*, 123 F.3d at 436.

May's filing habits are a perfect demonstration of why her interpretation of §1915(b)(2) would undermine the PLRA's objectives. Since 2013, May has filed thirty-three cases. She has never prevailed. She has voluntarily dismissed eleven cases; seven cases were dismissed based on her failure to timely submit a certified copy of her trust account statement; eight cases were dismissed based on her failure to prosecute or pay the initial partial filing fee; two cases were dismissed at screening (one for lack of jurisdiction and one for failure to state a claim); three cases were dismissed at summary judgment; she lost one case at trial; and one case is pending. Every case she files, regardless of why it is dismissed, requires the Court's time, attention, and resources. Because she is a savvy litigator, she has only one strike under 28 U.S.C. §1915(g), which means she may continue to litigate *in forma pauperis*. Because she has limited income, the required initial partial filing fee is typically very small. Thus, the *only* deterrent that may give her pause before she files another meritless lawsuit is the requirement that she make monthly payments to pay off the debt that she has voluntarily assumed. Without that requirement, her abusive filing habits will

3

undoubtedly continue, as she has repeatedly demonstrated her willingness to spend her limited income on litigating meritless claims.

Because granting May's motion would inappropriately relieve her of her obligation to pay the filing fee in this case (and others), the Court will deny her motion.

**IT IS THEREFORE ORDERED** that May's motion to stop the filing fee deductions (Dkt. No. 11) is **DENIED**.

Dated at Milwaukee, Wisconsin on March 17, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge